UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WALTER WILLIAM HINDS, SR.          :
                                   :            PRISONER
        v.                         :      Case No. 3:11cv1437 (SRU)
                                   :
BRIGHTHAUPT                        :


ORDER

The petitioner, Walter William Hinds, Sr., currently confined at the Cheshire Correctional

Institution in Cheshire, Connecticut, commenced this action for writ of habeas corpus pursuant to

28 U.S.C. § 2254.  He challenges his state court conviction for kidnapping and rape on twenty-

two grounds.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of

available state remedies.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. §

2254(b)(1)(A).  The Second Circuit requires the district court to conduct a two-part inquiry.

First, a petitioner must present the factual and legal bases of his federal claim to the highest state

court capable of reviewing it.  Second, he must have utilized all available means to secure

appellate review of his claims.  *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert.*

*denied*, 544 U.S. 1025 (2005).

Hinds states in his description of grounds 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, 16 and 17 that

counsel on direct appeal or in the state habeas action failed to pursue those issues.  Hinds also

states that he has a second state habeas petition pending on the issue of ineffective assistance of

counsel. The petitioner can obtain state review of his claims through a state habeas petition asserting ineffective assistance of counsel. *See Geraci v. Sheriff, Schoharie County Jail*, No. 9:99-CV-0405(GLS), 2004 WL 437466, at \*4 n.7 (N.D.N.Y. Feb. 20, 2004) (noting that petitioner failed to establish cause for failing to raise claim in state court because he could have raised counsel's failure to file appeal in state habeas action alleging ineffective assistance of counsel and unexhausted claim would not support a claim of procedural default). Thus, because there remain available means to obtain state court review, the claims have not been exhausted. *See Pratt v. Upstate Correctional Facility*, 413 F. Supp. 2d 228, 237 (W.D.N.Y. 2006) (stating that petitioner must exhaust state remedies either on direct appeal or through collateral attack in state court before filing federal habeas corpus petition (citations omitted)).

The Second Circuit has held that the court should not dismiss a federal habeas petition sua sponte without affording the petitioner notice and an opportunity to be heard on the issue of exhaustion of state remedies. *See Acosta v. Artuz*, 221 F.3d 117, 121-24 (2d Cir. 2000) (courts may not sua sponte raise nonjurisdictional defenses without affording inmate "notice and an opportunity to be heard" relative to the proposed dismissal). The petitioner is directed to address why this case should not be dismissed for failure to exhaust state remedies. The petitioner shall file his response within **twenty-one (21)** days from the date of this order. Failure to file a response within the time specified will result in the dismissal of the petition.

**SO ORDERED** this 19th day of October 2011, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge